NOTE: This disposition is nonprecedential.

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

2007-3240, -3241

LINDA TRIPLETT,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

-------------------------------------------------

LINDA TRIPLETT,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Linda Triplett, of Chicago, Illinois, pro se.

Dawn S. Conrad, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With her on the brief were Peter D. Keisler, Acting Attorney General, Jeanne E. Davidson, Director, Martin F. Hockey, Jr., Assistant Director. Of counsel was Wade Plunkett, Attorney, Office of Personnel Management, Washington, DC.

Calvin Morrow, Attorney, United States Merit Systems Protection Board, of Washington, DC, for respondent. With him on the brief were B. Chad Bungard, General Counsel and Rosa M. Koppel, Deputy General Counsel.

Appealed from: United States Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3240, -3241

LINDA TRIPLETT,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

--------------------------------------

LINDA TRIPLETT,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

_____

DECIDED: October 4, 2007

_____

Before MICHEL, <u>Chief Judge</u>, LOURIE and GAJARSA, <u>Circuit Judges</u>.

PER CURIAM.

Linda Triplett ("Ms. Triplett") appeals the Merit Systems Protection Board's ("Board") decision dismissing her petition for review of a first appeal and affirming the

dismissal of a second appeal. <u>Triplett v. Office of Pers. Mgmt.</u>, No. CH-844E-05-0089-B-1, CH-844E-03-0754-I-1 (May 4, 2007). The Board determined that the petition for review of the first appeal was untimely filed without a showing of good cause for delay and therefore affirmed the dismissal of the second appeal based on the doctrine of res judicata. <u>Id.</u> For the reasons stated herein, we <u>affirm</u>.

BACKGROUND

Ms. Triplett applied for disability retirement under the Federal Employees' Retirement System ("FERS") following an alleged on-the-job injury as a Distribution Clerk with the United States Postal Service ("USPS"). The Office of Personnel Management ("OPM") determined that Ms. Triplett was not disabled within the meaning of retirement law and denied her application. On August 26, 2003, Ms. Triplett filed a timely appeal with the Board's regional office. On August 29, 2003, the administrative judge ("AJ") mailed an acknowledgment and close-of-record orders to a 62nd Street address that Ms. Triplett had provided three days earlier. USPS returned the mail to the regional office indicating that Ms. Triplett's address had changed to 43rd Street, but that the forwarding time to that address had expired. The AJ then remailed the orders to the 43rd Street address by commercial overnight delivery service. The mail was again returned as undeliverable.

In a memorandum of record, the AJ stated that because "the Board does not have a proper address to forward the necessary documentation for the appellant to pursue her appeal, it appears that I will have to dismiss this appeal for failure to prosecute." On January 26, 2004, after four months without any further contact from Ms. Triplett, the AJ issued an initial decision in which he dismissed Ms. Triplett's appeal

for failure to prosecute ("the first decision").  Ms. Triplett did not file a petition for review ("PFR"), and the first decision became final on March 1, 2004.

Meanwhile, Ms. Triplett filed a second application for disability retirement that OPM denied in both an initial decision and a reconsideration of that decision. Ms. Triplett filed a second appeal with the Board's regional office.  In response, OPM filed a motion to dismiss based on the doctrine of res judicata because it had determined that the first and second applications were based on the same medical condition.  Ms. Triplett argued that she had never received the first decision dismissing her first appeal for failure to prosecute.  OPM rescinded its final reconsideration decision, and the AJ dismissed Ms. Triplett's second appeal without prejudice to refiling upon the issuance of OPM's new final decision.

Ms. Triplett filed a PFR.  Because the record did not indicate that OPM would issue a new final decision, the Board reopened the appeal on its own motion, vacated the initial decision, and remanded the appeal to the regional office.  The Board noted, however, that "OPM may ultimately prevail with respect to its argument that the Board should dismiss this appeal on the grounds of res judicata."  On remand, in an order dated January 13, 2006, the AJ instructed Ms. Triplett: "I now inform the appellant that if she wishes to file a petition for review of the January 26, 2004 decision, she must file her petition with the Clerk of the Board, as stated in the appeal rights of both the first and second initial decisions."  Ms. Triplett alleged to have just learned that the dismissal of her first appeal "would carry over" to her second appeal.  On August 4, 2006, the AJ dismissed Ms. Triplett's second appeal based on res judicata ("the second decision").

Ms. Triplett filed a PFR on August 31, 2006, which the Board construed as a PFR of both the first and second decisions. The Board found that the record established that OPM provided Ms. Triplett with a copy of the first decision as part of its file following the Board's December 2005 remand of her second appeal to the regional office. The Board noted that even if Ms. Triplett did not receive a copy of the first decision until February 22, 2006, as she claimed, her PFR was still untimely by more than five months. It determined that Ms. Triplett's actions did not reflect diligence or ordinary prudence under the circumstances and therefore dismissed her PFR of the first decision as untimely filed without a showing of good cause for delay. Because the first decision remained final, the Board affirmed the second decision based on res judicata.

Ms. Triplett filed an appeal to this court from the Board's decision. This court has jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

The scope of our review in any appeal from the Board is limited. Generally, we must affirm the decision of the Board unless it is: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c). In appeals from the Board regarding disability retirement under FERS, however, our review is even further limited. OPM's decisions regarding disability retirement are "final and conclusive and are not subject to review." See 5 U.S.C. § 8461(d). Thus, this court is "without authority to review the substantive merits of disability determinations, or the factual underpinnings of such determinations." Gooden v. Office of Pers. Mgmt., 471 F.3d 1275, 1278 (Fed. Cir. 2006) (citing Lindahl v.

Office of Pers. Mgmt., 470 U.S. 768, 791 (1985)); accord Anthony v. Office of Pers. Mgmt., 58 F.3d 620, 626 (Fed. Cir. 1995). Rather, review is limited to determining "whether there has been a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error going to the heart of the administrative process." Gooden, 471 F.3d at 1278 (quoting Lindahl, 470 U.S. at 791) (internal quotation marks omitted).

Board regulations require that a PFR be filed within 35 days after the date of issuance of the initial decision or, if the petitioner shows that the initial decision was received more than five days after the date of issuance, within 30 days after the date the petitioner received the initial decision. 5 C.F.R. § 1201.114(d). The Board may only waive the time limit for filing a PFR if the petitioner shows good cause for delay. 5 C.F.R. § 1201.114(f). "Delay is excusable where, under the circumstances, a petitioner exercises diligence or ordinary prudence." Mendoza v. Merit Sys. Prot. Bd., 966 F.2d 650, 653 (Fed. Cir. 1992) (citing Phillips v. United States Postal Serv., 695 F.2d 1389, 1391 (Fed. Cir. 1982)).

Accepting Ms. Triplett's statement as correct that she failed to receive a copy of the first decision until February 22, 2006, she had to file a PFR of that decision within 30 days. See 5 C.F.R. § 1201.114(d). However, she filed the PFR on August 31, 2006, which was untimely by more than five months. Thus, the relevant time period for which Ms. Triplett must establish good cause is from February 22, 2006, the date she received a copy of the first decision, through August 31, 2006, the date she filed a PFR of that decision.

Ms. Triplett has not provided an explanation of her activities during that period. In her informal brief to this court, Ms. Triplett argues that the Board failed to account for her "zero dollar income" from March 2001 through October 2003. She also renews allegations that: (1) USPS sabotaged her first appeal by intentionally withholding delivery of her mail in 2003; and (2) she received incorrect information during a visit to the regional office on November 6, 2003. While these arguments and allegations may address the reasons for Ms. Triplett's delay in receiving a copy of the first decision until February 22, 2006, they do not address the specific reasons for her delay in filing a PFR of that decision until August 31, 2006.

Ms. Triplett also relies on the arguments set forth in the dissenting opinion below, which concludes that the regional office could have forwarded her response to OPM's motion to dismiss to the Board to be processed as a timely PFR of the first decision. The regional office, however, did not forward that response, nor was it under an obligation to do so. Petitioners are responsible for filing timely PFRs with the Board in accordance with the instructions provided at the end of the decision. Significantly, the AJ's January 13, 2006 order specifically instructed Ms. Triplett to file a PFR of the first decision. Armed with this information, Ms. Triplett did not exercise diligence or ordinary prudence in waiting until the Board actually dismissed her second appeal based on res judicata. "A petitioner who ignores an order of the Administrative Judge does so at his or her peril." Mendoza, 966 F.2d at 653.

Under these circumstances, we do not find a "substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error going to the heart of the administrative process" in the Board's decision to deny

Ms. Triplett a waiver of the regulatory time limit for failure to show good cause for delay. See Gooden, 471 F.3d at 1278 (quoting Lindahl, 470 U.S. at 791).

CONCLUSION

We conclude that the Board properly dismissed Ms. Triplett's petition for review of the first appeal as untimely filed without a showing of good cause for delay and properly affirmed the dismissal of the second appeal based on the doctrine of res judicata. The decision of the Board is therefore affirmed.

No costs.