**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2015 MSPB 44**

Docket No. AT-0752-10-0367-B-4

**Carlton E. Hooker, Jr.,**

**Appellant,**

**v.**

**Department of Veterans Affairs,**

**Agency.**

July 15, 2015

Carlton E. Hooker, Jr., Saint Petersburg, Florida, pro se.

Karen L. Mulcahy, Esquire, Bay Pines, Florida, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**OPINION AND ORDER**

¶1      The appellant petitions for review of an initial decision that dismissed this appeal as barred by the doctrine of collateral estoppel.  For the following reasons, we DENY the petition for review and AFFIRM the initial decision AS MODIFIED by this Opinion and Order, dismissing the appeal as barred by the doctrine of res judicata.

**BACKGROUND**

¶2      In a July 27, 2011 Order, the Board remanded this case, which involved the appellant's January 4, 2010 removal, for further adjudication.  *See Hooker v. Department of Veterans Affairs*, MSPB Docket No. AT-0752-10-0367-I-1, Initial

Appeal File (IAF), Tab 14, Subtab 4a; *see also Hooker v. Department of Veterans Affairs*, MSPB Docket Nos. AT-0752-10-0367-I-1, MSPB Docket No. AT-1221-11-0246-W-1, Remand Order at 2-3 (July 27, 2011) (Remand Order). The Board found no merit to the appellant's allegations that the agency denied him due process and that the administrative judge, in affirming his removal, incorrectly analyzed and sustained certain charges. Remand Order at 3. Nevertheless, the Board remanded the appeal to permit the appellant to present documentary and testimonial evidence regarding his affirmative defense of discrimination in accordance with the Board's holding in *Davis v. Department of the Interior*, 114 M.S.P.R. 527 (2010). Remand Order at 2-3, 5. The Board also found that further adjudication was required to afford the appellant an opportunity to clarify whether he was challenging his proposed removal in addition to the effected removal, and to determine whether his whistleblowing claim, which he initially raised in connection with his removal, remained an issue in the case. *Id*. at 3-5.

¶3      On remand, the parties identified the remaining issues in this case as whether the agency's action constituted reprisal for whistleblowing activity, discrimination on the basis of race, and/or unlawful retaliation in response to the appellant's equal employment opportunity (EEO) complaints and "other protected activities." *Hooker v. Department of Veterans Affairs*, MSPB Docket No. AT-0752-10-0367-B-1, Remand Appeal File, Tab 19 at 4-6. Regarding the first issue, the appellant stated that he made protected disclosures when he provided testimony about a hostile work environment and prohibited personnel practices during an administrative investigation in 2008, and when he filed EEO complaints after that investigation. *Id*. at 4-5.

¶4      After dismissing the appeal three times without prejudice to refiling at the appellant's request, the administrative judge dismissed this refiled appeal with prejudice upon finding that the elements necessary for the application of collateral estoppel were present. The administrative judge held that: (1) the appellant's allegation in this case that the agency retaliated against him for

engaging in protected activity leading up to and including his removal from federal service was identical to that involved in a prior action in a U.S. district court; (2) the decision in the prior action in U.S. district court was based upon the same issues raised in this case; (3) the U.S. district court's determination (to dismiss the appellant's case with prejudice because of his willful and intentional failure to comply with its discovery order addressing his allegation that the agency retaliated against him for engaging in protected activity leading up to and including his removal from federal service) was necessary to the court's final judgment; and (4) the appellant had a full and fair opportunity to litigate the issues in U.S. district court. *Hooker v. Department of Veterans Affairs*, MSPB Docket No. AT-0752-10-0367-B-4, Refiled Remand Appeal File (RRAF), Tab 10, Initial Decision at 7-8.

¶5 On petition for review, the appellant asserts that the administrative judge should not have applied collateral estoppel because the issues in his Board appeal are different from the issues that were litigated in U.S. district court. Petition for Review (PFR) File, Tab 3 at 14-15. In this regard, the appellant asserts that the first two actions he filed in U.S. district court (*Hooker I* and *Hooker II*) arose from his proposed suspension, the third action (*Hooker III*) filed in U.S. district court involved claims that "did not mirror the merit systems arguments typically at issue before the Board," and the U.S district court summarily dismissed *Hooker III* on collateral estoppel grounds. *Id*. at 15. The appellant also contends that this Board appeal involves his removal, which he claims has never been litigated on the merits, while *Hooker III* involved other matters, such as his proposed removal and prior suspensions. *Id*. at 15-17. The appellant asserts that he could not have raised the claims he raised in *Hooker III* in the prior two court actions because he had not exhausted all administrative remedies pertaining to those claims until after *Hooker I* and *Hooker II* had been filed. *Id*. at 17-18. As set forth below, we need not address these arguments regarding collateral estoppel because we find that this appeal is barred by the doctrine of res judicata.

## ANALYSIS

¶6    Notwithstanding any other provision of law, if at any time after the 120th day following the filing of a mixed-case appeal with the Board under 5 U.S.C. § 7702(a)(1) there is no judicially reviewable action, an employee shall be entitled to file a civil action to the same extent and in the same manner as provided in section 717(c) of the Civil Rights Act of 1964 (42 U.S.C. § 2000e-16(c)), section 15(c) of the Age Discrimination in Employment Act of 1967 (29 U.S.C. § 633a(c)), or section 16(b) of the Fair Labor Standards Act of 1938 (29 U.S.C. § 216(b)).    5 U.S.C. § 7702(e)(1)(B).    Board law permits simultaneous adjudication of a mixed-case appeal before the Board and a U.S. district court.  *Padilla v. Department of the Air Force*, 58 M.S.P.R. 561, 567 (1993).  As set forth below, we find that the appellant exercised his right under 5 U.S.C. § 7702(e)(1)(B) to file a civil action in U.S. district court.

¶7    The appellant filed his Board appeal challenging his removal on or about February 1, 2010.  IAF, Tab 1.  More than 120 days later, on June 3, 2011, after the administrative judge had affirmed the appellant's removal in an August 7, 2010 initial decision, but before the Board issued its July 27, 2011 Remand Order, the appellant filed a complaint in the U.S. District Court for the Middle District of Florida (*Hooker I*) alleging, among other things, that the agency terminated him based on retaliation for protected activity.  RRAF, Tab 5 at 11, 14, 17, 19-21.  On January 28, 2013, the U.S. district court judge issued an order granting the agency's motion for a separate final judgment in *Hooker I* pursuant to Federal Rule of Civil Procedure 58(a) (entering judgment).  RRAF, Tab 5 at 24-25.  The judge noted that she had already entered a December 6, 2012 order adopting the Report and Recommendation of the Magistrate Judge and dismissing the action pursuant to Federal Rule of Civil Procedure 37(b)(2) (failure to make disclosures or to cooperate in discovery; sanctions) based upon the appellant's willful failure to comply with the court's discovery orders.  RRAF, Tab 5 at 25.  The clerk of the U.S. district court then issued a January 29, 2013 "Final

Judgment in a Civil Case," noting that the action came to a trial or hearing before the court, the issues were tried or heard, a decision was rendered, and it was ordered and adjudged that judgment be entered in favor of the defendant and against the appellant. *Id*. at 27.

¶8        On December 7, 2012, the appellant filed another civil action (*Hooker II*) in the U.S. District Court for the Middle District of Florida in which he alleged that he was refiling his "terminated complaint" without a substantial change in the issues or parties. *Id*. at 28. The appellant again asserted that the agency removed him in retaliation for protected activity. *Id*. at 29, 34, 38-39. On February 15, 2013, the court granted the agency's motion to dismiss the case with prejudice, finding that it was barred by the doctrine of res judicata. *Id*. at 51-53. Finally, on February 10, 2014, the appellant filed a third complaint in the U.S. District Court for the Middle District of Florida (*Hooker III*), again alleging that the agency wrongfully terminated him in retaliation for protected activity. *Id*. at 54-55, 58, 64-65, 68-69. On April 29, 2014, the court granted the agency's motion to dismiss this third complaint as barred by the doctrine of res judicata. *Id*. at 83-87. On appeal of *Hooker III*, the U.S. Court of Appeals for the 11th Circuit affirmed, finding that the civil actions all arose out of the same nucleus of operative fact and that the appellant raised, or could have raised, his removal in all of the cases he had filed in U.S. district court. *See Hooker v. Secretary, U.S. Department of Veterans Affairs*, No. 14-12894, 2015 WL 1609928, at *1-3 (11th Cir. Apr. 13, 2015).

¶9        We find that the appellant exercised his right set forth at 5 U.S.C. § 7702(e)(1)(B) when he filed the above civil actions in U.S. district court after 120 days had passed following the filing of his Board appeal.[*] When an appellant

---

[*] In fact, in an April 10, 2014 "Motion for Voluntary Dismissal Without Prejudice," the appellant indicated that he had filed suit in U.S. district court, asserted that a failure to grant his motion would burden him with concurrently litigating "the same claims"

exercises the right set forth at 5 U.S.C. § 7702(e)(1)(B), the U.S. district court has jurisdiction to consider both the discrimination and nondiscrimination claims. *See Bonds v. Leavitt*, 629 F.3d 369, 378-79 (4th Cir. 2011), *cert. denied*, 132 S. Ct. 398 (2011); *see also Ikossi v. Department of the Navy*, 516 F.3d 1037, 1040-44 (D.C. Cir. 2008).

¶10      We find that the elements for applying res judicata are present in this case. Res judicata precludes parties from relitigating issues that were, or could have been, raised in the prior action, and is applicable if:  (1) the prior judgment was rendered by a forum with competent jurisdiction; (2) the prior judgment was a final judgment on the merits; and (3) the same cause of action and the same parties or their privies were involved in both cases.  *Peartree v. U.S. Postal Service*, 66 M.S.P.R. 332, 337 (1995).  The U.S. district court was a forum with competent jurisdiction under 5 U.S.C. § 7702(e)(1)(B), as set forth above, and the court's determinations were final judgments on the merits.  *See Bernstein v. Bankert*, 733 F.3d 190, 224-25 (7th Cir. 2012) (suggesting that a dismissal on res judicata grounds is a final judgment on the merits), *cert. denied*, 134 S. Ct. 1024 (2014); *see also Matter of Reed*, 861 F.2d 1381, 1382-83 (5th Cir. 1988) (dismissal under Federal Rule of Civil Procedure 37(b)(2)(C) is a final judgment on the merits); *Dillard v. Security Pacific Brokers, Inc.*, 835 F.2d 607, 608 (5th Cir. 1988) (same); Federal Rule of Civil Procedure 41(b) (a dismissal for failure to prosecute or comply with the Federal Rules of Civil Procedure operates as an adjudication on the merits); *cf. Nasalok Coating Corp. v. Nylok Corp.*, 522 F.3d 1320, 1329 (Fed. Cir. 2008) (a default judgment can operate as res judicata in appropriate circumstances); *Triplett v. Office of Personnel Management*, 105 M.S.P.R. 575, ¶ 9 (a dismissal for failure to prosecute a Board appeal is a

---

before the U.S. district court and the Board, and specifically cited to 5 U.S.C. § 7702(e)(1) in support of his motion.  *Hooker v. Department of Veterans Affairs*, MSPB Docket No. AT-0752-10-0367-B-3, Refiled Remand Appeal File, Tab 3 at 4-5.

valid, final judgment on the merits under the doctrine of res judicata), *aff'd*, 250 F. App'x 322 (Fed. Cir. 2007).  Moreover, as set forth in detail above, the same cause of action and the same parties were involved in both cases.  *See Frias v. U.S. Postal Service*, 63 M.S.P.R. 276, 280 (for res judicata purposes, a cause of action is the set of facts which gives an appellant the right to seek relief from an agency), *aff'd*, 43 F.3d 1486 (Fed. Cir. 1994) (Table).

¶11    The appellant contends that, even if the elements for applying collateral estoppel have been met in this case, a redetermination of his removal is warranted because there is reason to doubt the quality, extensiveness, and procedural and substantive fairness of the U.S. district court's adjudication.  PFR File, Tab 3 at 20-21.  The appellant also asserts that he has not yet had an opportunity to address his case under the *Davis* factors, as required in the Board-ordered remand, and that the administrative judge violated his right to a fair hearing because the Board has jurisdiction over this appeal.  *Id*. at 22-25.  The appellant submits with his petition for review the transcript of two depositions in his EEO complaint that were taken in 2010, which he contends support the merits of his retaliation claims.  *Id*. at 23-24, 27-28, 30-43.  These arguments do not affect our determination to dismiss this appeal.

¶12    Because we have found that res judicata applies in this case, we need not address whether there is a reason not to apply collateral estoppel, such as a reason to doubt the quality of the prior adjudication.  *See Milligan v. U.S. Postal Service*, 106 M.S.P.R. 414, ¶ 9 (2007) (a redetermination of issues may be warranted when there is reason to doubt the quality or extensiveness of a prior adjudication).  Although the appellant contends that he has not yet had an opportunity to address the *Davis* factors in his Board appeal, any such lack of opportunity is the result of his election under 5 U.S.C. § 7702(e)(1)(B) and the district court's issuance of its decisions on the merits.  The appellant's claim that the Board has jurisdiction over this appeal does not affect our determination to apply res judicata.  *See Hicks v. U.S. Postal Service*, 83 M.S.P.R. 599, ¶ 12 (1999) (res judicata is a basis

to dismiss an appeal over which the Board has jurisdiction). Finally, the appellant has not alleged or shown that the depositions he submits on review have any bearing on whether the requirements for applying the doctrine of res judicata have been met in this case.

¶13 Accordingly, we AFFIRM the initial decision AS MODIFIED by this Opinion and Order, DISMISSING this appeal based on res judicata.

**ORDER**

¶14 This is the final decision of the Merit Systems Protection Board in this appeal. Title 5 of the Code of Federal Regulations, section 1201.113(c) (5 C.F.R. § 1201.113(c)).

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request further review of this final decision. There are several options for further review set forth in the paragraphs below. You may choose only one of these options, and once you elect to pursue one of the avenues of review set forth below, you may be precluded from pursuing any other avenue of review.

Discrimination Claims: Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC). *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)). If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court.  *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Other Claims:  Judicial Review

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices described in 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you

may request the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction to review this final decision. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services

provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:

_____
William D. Spencer
Clerk of the Board
Washington, D.C.